## Henry Toborg v. Ida May Toborg.

1. DECREES—*On Conflicting Evidence.*—Where the evidence is voluminous and conflicting this court will not, sitting as a court of review, reverse the decree merely because its own views of the weight of the evidence might lead to a different conclusion.

**Bill for Divorce.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1896.

M. J. DUNNE, attorney for appellant.

RUDOLPH D. HUSZAGH, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant filed his bill for divorce from the appellee, alleging as grounds therefor her adultery; and the appellee filed her cross-bill for separate maintenance, alleging as grounds therefor appellant's cruelty to her.

Upon a hearing the Circuit Court found against appellant on both bill and cross-bill, and dismissed his bill for want of equity, and entered a decree in favor of appellee on her cross-bill.

The testimony that was heard was exceedingly voluminous and conflicting, and we can not, sitting only as a court of review, reverse a decree merely because our own views of the weight of the evidence might lead us to a conclusion contrary to that reached by the chancellor. He had the superior advantage of seeing and hearing the witnesses testify, and of observing their manner on the witness stand, all of which opportunities are denied to us.

A close reading, however, of the testimony of at least one of the witnesses, who swore to most important facts, and whose testimony, if believed, would have justified, if not necessitated, a conclusion contrary to that which was reached, warrants us in saying that we agree with the

chancellor in disbelieving him, as the chancellor must have done in order to have found as he did upon the bill.

We have more hesitation concerning the relief granted by the cross-bill. Applying, however, the same rule already alluded to, we do not feel warranted in disturbing the decree as to the merits on the main issue of the cross-bill. As to the alimony that was allowed, it is recited in the decree that it was consented to by the appellant in open court, for the purpose of saving to the parties the expense of a reference to a master in chancery; and it being expressly reserved to the Circuit Court for further order, as occasion may require, we will only say that it seems to be very large, so far as anything in the record discloses, and considering the pursuit of appellant and the station in life of the parties.

Without more discussion, we will affirm the decree, and accordingly so order it to be done.